UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:07-CV-1387-T-27TGW

SANDRA DEZEGO,

    Petitioner/Counter Respondent

v.

A.G. EDWARDS & SONS, INC.,

    Respondent/Counter Petitioner
_____/

**RESPONDENT'S COUNTER PETITION
TO MODIFY OR VACATE ARBITRATION AWARD
AND INCORPORATED MEMORANDUM OF LAW**

Respondent/Counter Petitioner A.G. Edwards & Sons, Inc., ("A.G.E." or "Respondent") through undersigned counsel, counter petitions for modification or vacatur of the $1.8 million compensatory damages Arbitration Award in favor of Petitioner/Counter Respondent Sandra Dezego ("Ms. Dezego") on her claim under Title VII of the Civil Rights Act of 1964 rendered by the New York Stock Exchange Arbitration Panel on August 7, 2007, in Docket No. 2005-015992. *See* Doc. 1 at Ex. F.

A.G.E. petitions this Court to enter an Order modifying the Arbitration Award to conform to Title VII's statutory cap for compensatory [1] damages of $300,000.00. In the alternative, A.G.E. respectfully requests vacatur of the award in light of the $300,000.00

---

[1] No punitive damages were awarded. Doc. 1 Ex. F.

statutory cap on compensatory damages under 42 U.S.C. § 1981a(b)(3)(D).

## A. Introduction

Ms. Dezego seeks to confirm a $1.8 million arbitration award representing only compensatory damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e ("Title VII"). A.G. E. does not challenge the Arbitration Panel's findings that it is liable for damages to Ms. Dezego under Title VII. Rather, A.G.E. asks this Court conform the $1.8 million arbitration award to the statutory $300,000.00 maximum cap on compensatory damages set by Title VII, 42 U.S.C. § 1981a(b)(3)(D). That cap is a fundamental part of Congress' remedial statutory scheme under which Ms. Dezego sought relief. A party who seeks relief under Title VII is bound by its compensatory damage cap. That cap is not an affirmative defense, nor can it be waived.

In the alternative, A.G.E. counter petitions for vacatur of the award for compensatory damages of $1.8 million, which exceeds by $1.5 million the statutory cap for compensatory damages imposed by Title VII. In entering the award, the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. §10(a)(4) (2007). Moreover, common law mandates modification or vacatur of the arbitrators' award as arbitrary and capricious. No judge, nor group of judges would have awarded compensatory damages under Title VII that exceed the statutory cap by $1.5 million.

Finally, enforcement of the award of $1.8 million in compensatory damages under Title VII would contravene public policy, as enforcement would undermine Congressional

intent and vitiate the dual goals of providing a remedy for Title VII claimants and protecting employers from excessive damage awards.

Accordingly, A.G.E. respectfully requests that this Court modify or remit the arbitration award to conform to the mandates of Title VII and reduce the award to $300,000.00. In the alternative, A.G.E. respectfully requests that this Court vacate the award.

### B. The Parties

1. Respondent/Counter Petitioner A.G.E. is a national securities firm incorporated and existing under the laws of the State of Delaware with its principal place of business located in St. Louis, Missouri. Respondent has offices throughout the United States, including in the Middle District of Florida. It is undisputed that A.G.E. has more than 500 employees.

2. Petitioner/Counter Respondent Sandra DeZego ("Ms. DeZego") is a resident of Florida and a former employee of A.G.E.

### C. Jurisdiction and Venue

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1331, in that it involves review and vacatur of an arbitration award under the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*, and more specifically §10 of the Federal Arbitration Act, 9 U.S.C. §10.

4. Venue of this action is appropriate in this Court pursuant to the provisions of §10(a) of the Federal Arbitration Act, 9 U.S.C. §10(a), which provides, in pertinent part, that "the United States court in and for the district wherein the award was made may make an

order vacating the award upon the application of any party to the arbitration." Venue in this District is appropriate under this provision because the arbitration and award in this matter took place in Clearwater, Florida.

### D. Facts Relevant to A.G.E.'s Counter Petition

5. Ms. Dezego was hired by A.G.E. in 1998, one month after her 22nd birthday, as an unregistered Sales Assistant. Her annual salary when she was hired was $19,000.00. When Ms. Dezego was terminated on June 18, 2001, she was 25. When terminated, her yearly salary was $25,000.00. *See* Ex. B (Natiello Expert Report for Ms. Dezego) and Ex. C (Kursh Expert Report for A.G.E.).

6. In her Statement of Claim to the NYSE Arbitration Unit, Ms. Dezego sought damages for "lost wages and mental anguish" arising from and based exclusively upon claims under 42 U.S.C. § 2000(e) (hereinafter, "Title VII"). Doc.1 Ex. C.

7. At the arbitration hearing, Ms. Dezego's counsel sought compensatory damages for her of $6,730,578.00 and punitive damages of $20,191,734.00 arising from and based exclusively upon claims brought under Title VII. Ex. A at 2852-55. [2]

8. In closing argument, Claimant's counsel invited the Arbitration Panel to frustrate this Court's review of an award that is unlawful on its face:

---

[2] Ex. A consists of those portions of the transcript of the arbitration hearing that relate to the quantum of damages. The hearing consisted of twenty-eight sessions; the transcript of those sessions - - 2,915 pages - - consists largely of liability testimony which A.G. Edwards & Sons does not contest here and which is therefore not relevant to the pure argument of law raised in this Counter Petition.

> You have the discretion as a Panel to do what you feel is necessary here. . . You can do what you feel is appropriate. And you don't have to specify in your award what damages are awarded under certain claims. You can just say: Ms. Dezego deserves this for what A.G. Edwards did. *They can't vacate that award*. It's an arbitration award.

Ex. A at 2788-2789 (emphasis added).

9. In its Award, the Arbitration Panel characterized Ms. Dezego's claim as seeking "compensatory and punitive damages." Doc. 1 Ex. F. In line with Claimant's counsel's argument, the Arbitration Panel awarded undifferentiated compensatory damages in the amount of $1.8 million, and *no* punitive damages. *Id.* Because the Arbitration Panel's award consists solely of compensatory damages, it does not, as a matter of law, include either backpay or frontpay. 42 U.S.C. §1981a(b)(3).

10. The award is contrary to Title VII's damage cap, and must be conformed to federal law, contrary to Claimant's counsel's argument that this Court is powerless to vacate (and by implication, modify) the award.

**E. Title VII's Statutory Cap on Damages Requires Modification of the $1.8 Million Award to $300,000.00, the Maximum Compensatory Damages Allowed by Congress**.

11. The Civil Rights Act of 1991 amended Tile VII to authorize compensatory and punitive damages, but imposed the statutory cap on the combined total of $300,000.00 for a business such as A.G.E. with more than 500 employees. 42 U.S.C. §1981a(b)(3)(D). The statutory cap is per claimant under Title VII, not per claim. *See, e.g., Hudson v. Chertoff*, 473 F. Supp.2d 1286 (S.D. Fla. 2007).

12. Arbitration proceedings are not intended as a substitute for substantive rights

provided by statute, but rather are an alternate forum agreed to by the parties. *See Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456 (11th Cir. 1997). *See also Paladino v. Avnet Computer Tech., Inc.*, 134 F.3d 1054, 1059 (11th Cir. 1998) ("By agreeing to arbitrate a statutory claim, a party does not forego the substantive rights of a statute; it only submits to their resolution in an arbitral, rather than a judicial forum. This is so because 'the beneficiaries of public statutes are entitled to the *rights and protections provided by the law*,' including 'all of the types of relief that would otherwise be available in court'") (emphasis added) (abrogation recognized on other grounds, *see In re Managed Care Litigation*, 2003 WL 22410373 (S.D. Fla. 2003)).

13. As fact-finder, the Arbitration Panel was not informed of the statutory cap on damages. Informing the finder of fact that statutory awards under Title VII are capped is reversible error. *See, e.g., Sasaki v. Class*, 92 F.3d 232 (4th Cir. 1996) (reversing and remanding for new trial based on counsel's disclosure, to jury, of statutory caps on Title VII awards). Only *after* the jury awards damages can the Court conform the award of compensatory damages to federal law by applying the statutory cap. *See* 42 U.S.C. §1981(c)(2). *See also Hudson v. Chertoff,* 473 F.Supp.2d 1286; *Richardson v. Tricom Pictures & Production, Inc.*, 334 F. Supp. 2d 1303, 1325 (S.D. Fla. 2004), *aff'd,* 183 Fed. Appx. 872 (11th Cir. 2006).

14. Confirmation of the award to federal law can neither surprise nor prejudice Ms. Dezego, as the statutory cap is part of the same statute under which she brought her claim. The statutory cap mandated by §1981a (b)(3) is not an affirmative defense and is not

waivable. *See Weber v. Infinity Broadcasting Corp.,* 2005 WL 3726303 *7-8 (E.D. Mich. 2005) ("No plaintiff claiming damages under Title VII can complain of unfair surprise, prejudice or lack of opportunity to respond when confronted with the CDA's [Compensatory Damages Amendment] limitation of damages, because the limitation is part of the same statutory scheme under which the plaintiff has brought his or her claim").

> The Supreme Court noted that "[i]t was not until 1991 that Congress made damages available under Title VII, and even then, *Congress carefully limited the amount recoverable in any individual case, calibrating the maximum recovery to the size of the employer.*" *Gebser v. Lago Vista Indep. Sch. Dist.,* 524 U.S. 274, 286, 118 S.Ct. 1989, 1997, 141 L.Ed.2d 277 (1998). More recently, the Court referred to the cap as one example of "certain conditions and exceptions" set forth in the CDA. *West v. Gibson,* 527 U.S. 212,[216], 119 S. Ct. 1906, 1909, 144 L. Ed.2d 196 (1999). However, the Court has never referred to a requirement that the cap be pleaded as an affirmative defense or avoidance.

*Oliver v. Cole Gift Centers, Inc.*, 85 F.Supp.2d 109, 112 (D. Conn. 2000) (emphasis added). Thus, "the CDA's statutory cap is *evident on the face of the statute as a Congressional limitation on the court's power* to award damages to a Title VII plaintiff. *Oliver,* 85 F. Supp. at 112 (emphasis added). *Accord Paris v. Dallas Airmotive, Inc.*, 2002 WL 188435 (N.D.Tex. 2002).

15. Thus, although the Arbitration Panel as fact finder was not informed of the statutory cap on compensatory damages, the $300,000.00 cap mandated by Congress nevertheless requires that the Panel's award now be conformed to the statutory maximum allowed by federal law.

## F. The Arbitrators Exceeded Their Authority

16. In the alternative, A.G.E. seeks to vacate the Arbitration Panel's award of $1.8 million on the statutory ground that by awarding compensatory damages in excess of the maximum allowed by Congress, the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. §10(a).

17. The Federal Arbitration Act provides, in pertinent part, that:

> [T]he United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration … where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. §10(a)(4) (2002).

18. The arbitrators exceeded their powers in awarding Ms. Dezego $1.5 million more than Congress authorizes for an award of compensatory damages under Title VII against an employer the size of A.G. Edwards & Sons. 42 U.S.C. §1981a provides that compensatory damages for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses" and punitive damages are capped at $300,000 for employers of A.G. E.'s size. 42 U.S.C. §1981a(b)(3) (2002).

19. A.G.E. recognizes that an Arbitration Panel's award is entitled to great deference and that the scope of review of an arbitration award is extremely narrow. *See, e.g.,*

*Montes v. Shearson Lehman Bros., Inc.*, 128 F.3d 1456 (11th Cir. 1997); *Kostoff v. Fleet Securities,* 2007 WL 1064217 (M.D. Fla. April 5, 2007). However, A.G.E. does not seek to disturb the finding of the Arbitration Panel. Instead, A.G.E. seeks to conform the award to the statutory limit imposed by Congress. By awarding an amount that exceeds the statutory cap on compensatory Title VII damages, the Arbitration Panel "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. §10(a).

### G. The Arbitration Panel's Award was Arbitrary and Capricious.

20.     The award of the Arbitration Panel was arbitrary and capricious. An arbitration award should be vacated as arbitrary and capricious if the award exhibits a wholesale departure from the law. *See Ainsworth v. Skurnick,* 960 F.2d 939, 941 (11th Cir. 1992) (where Arbitration Panel knew what the law was, but failed to follow it, decision of the Arbitration Panel was arbitrary and capricious), *cert. denied*, 507 U.S. 915 (1993).[3] *See also Nitram, Inc. v. Industrial Risk Insurers,* 848 F. Supp. 162, 165 (M.D. Fla. 1994), *aff'd,* 141 F.3d 1434, (11th Cir.1998); *cert. denied*, 525 U.S. 1068 ( 1999). Here, the award of *six times* the statutory maximum allowed for compensatory damages under Title VII exhibits

---

[3]

The NASD/NYSE Arbitration Panel members who were charged with hearing Ms. Dezego's statutory employment discrimination case were required to have "substantial familiarity with employment law." NASD Rule 13802. A full copy of the Rule, of which this Court may take judicial notice pursuant to Fed. R. Evid. 201(b) (2), is attached as Ex. D and may be viewed at:

http://finra.complinet.com/finra/display/display.html?rbid=1189&record_id=1159007830&element_id=1159006892&highlight=13802#r1159007830 (last viewed Sept. 12, 2007).

such a wholesale departure from the law.

21. Moreover, the award is arbitrary and capricious, as no reasonable judge nor group of judges would have awarded compensatory damages under Title VII in excess of the statutory cap. *See Safeway Stores v. American Bakery and Confectionery Workers, Local 111,* 390 F.2d 79, 82 (5th Cir.1968) ("We may assume, without here deciding, that if the reasoning is so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling then the Court can strike down the award"). The award must therefore be vacated as arbitrary and capricious.

### H. The Arbitration Panel's Award Violates Public Policy

22. The Arbitration Panel's award of $1.8 million violates public policy, as it is six times, and exceeds by $1.5 million, the maximum amount of compensatory damages that Congress has determined an employer of A.G.E.'s size can be held liable to an individual employee for violations of Title VII.

23. The purpose of the statutory cap is not only to prevent frivolous lawsuits, but to protect employers from financial ruin as a result of unusually large awards. *See U.S. E.E.O.C. v. W & O, Inc.,* 213 F.3d 600, 617 (11th Cir.2000); *Richardson v. Tricom Pictures & Production, Inc.,* 334 F. Supp. 2d 1303, 1325 (S.D. Fla. 2004) ("The legislative history of the provision confirms that it is not meant to exert upward or downward pressure on the size of jury awards. Rather, the purpose of the cap is to deter frivolous lawsuits and protect employers from financial ruin as a result of unusually large awards"), *aff'd,* 183 Fed. Appx. 872 (11th Cir. 2006). *Accord Luciano v. Olsten Corp.*, 110 F.3d 210 (2d Cir.1997).

24. "It is well settled that a court will only vacate an arbitration if the award is violative of some explicit public policy. However, this 'policy' must be 'well defined, dominant, and be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests.'" *Nitram, Inc.* 848 F.Supp. at 166 (*citing United Paperworks Int'l Union v. Misco, Inc.,* 484 U.S. 29, 43 (1987)).

25. The public policy by which Congress capped compensatory damage awards under Title VII is well-settled; to allow the Arbitration Panel's $1.8 million award to stand would thus violate both public policy and Congressional intent. Moreover, if an Arbitration Panel's award that exceeds the statutory cap were allowed to stand, the state and federal court system would be rendered superfluous for Title VII claimants. No claimant would opt to bring his or her case in a forum that is bound by federal law to cap compensatory damages pursuant to 42 U.S.C. §1981a(b)(3)(D).

26. That cannot be the law; arbitration awards must be subject to the same statutory cap on damages as jury awards. Congress' writ extends to the arbitral forum as well as to the Courts.

WHEREFORE, Counter-Petitioner A.G. Edwards & Sons respectfully requests that this Court conform the $1.8 million award in compensatory damages to the maximum $300,000.00 set by federal law. In the alternative, A.G. Edwards & Sons respectfully requests that this Court vacate the award in light of the $300,000.00 statutory cap on compensatory damages under 42 U.S.C. § 1981a(b)(3)(D).

Filed this 13th day of September, 2007

Respectfully Submitted,

By: /s/ _____
HAROLD A. SAUL, ESQ.
Fla. Bar No. 765929 (Tampa office)
has@kubickidraper.com
MARIA KAYANAN, ESQ.
Fla. Bar No. 305601 (Miami office)
mek@kubickidraper.com

KUBICKI DRAPER PA
Counsel for Respondent A.G. Edwards and Sons, Inc.
201 North Franklin Street Suite 2250
Tampa, FL 33602
Telephone: (813) 204-9776
Facsimile: (813) 204-9660
    and
25 West Flagler Street PH
Miami, FL 33130
Telephone: (305) 982-6636
Facsimile: (305) 374-7846

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **September 13th, 2007**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Attorneys for Petitioner, Scott C. Ilgenfritz, Esq., Johnson, Pope, Bokor, Ruppel & Burns, LLP, P.O. Box 1100, Tampa, FL 33601-1100; email scotti@jpfirm.com; and by U.S. mail to Bradford M. Gucciardo, Esq., Scarlett & Gucciardo, P.A., 7700 Congress Avenue, Suite 1312, Boca Raton, FL 33487, email bgucc@bellsouth.net.

/s/ _____
MARIA KAYANAN
Fla. Bar No. 305601
mek@kubickidraper.com