UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA DEZEGO,

        Petitioner,

v.                               CASE No. 8:07-CV-1387-T-27TGW

A.G. EDWARDS & SONS, INC.,

        Respondent.

_____

REPORT AND RECOMMENDATION

        In this case, the petitioner Sandra DeZego filed a petition for an order confirming an arbitration award of $1,800,000 that was rendered on an employment discrimination claim by a New York Stock Exchange, Inc. ("NYSE") arbitration panel in July 2007 (Doc. 1).  Respondent A.G. Edwards & Sons, Inc., then filed a counter-petition requesting that the court modify or vacate the arbitration award because it exceeded the applicable $300,000 cap for compensatory damages imposed by 42 U.S.C. 1981a(b) (Doc. 12).  It is unnecessary to determine the novel issue of whether the statutory cap on compensatory damages was binding on the arbitration panel.  There was expert testimony before the panel that supports an award of $1,800,000 based

on back pay and front pay, which are deemed equitable remedies not covered by the $300,000 cap.  Accordingly, I recommend that the arbitration award be confirmed.

## I.

In October 2001, Sandra DeZego filed suit in the Orlando Division of this court against her former employers, A.G. Edwards & Sons, Inc. ("A.G. Edwards"), seeking damages for claims of sexual harassment and retaliation arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e (Doc. 1, pp. 1-2).  Thereafter, A.G. Edwards filed a motion to stay the action and to compel arbitration, which was granted by the district court on April 1, 2002 (id., p. 2).

DeZego subsequently submitted her claims to a NYSE arbitration panel on February 28, 2003 (id.).  The arbitration hearing, which took place in Clearwater, consisted of twenty-eight sessions spanning almost a year's time (id., p. 3).  During opening statements, and throughout the hearing, DeZego's counsel repeatedly specified that DeZego's request for damages included lost past and future wages, benefits, and interest thereon (Doc. 21, p. 11; Doc. 21-3, p. 2).  DeZego also presented testimony on economic damages by an expert witness, Dr. Thomas A. Natiello, who opined that

DeZego's combined losses for past and future wages, and past and future benefits, totaled $5,230,578 (Doc. 21, pp. 11-12; Doc. 12-3, p. 28).[1] In addition to these economic damages, DeZego requested $1,000,000 for mental anguish, embarrassment, and humiliation, and $20,191,734 in punitive damages (Doc. 12, p. 4; Doc. 21, p. 12).[2]

At the conclusion of the hearings, the arbitration panel rendered a decision awarding DeZego $1,800,000 in undifferentiated damages (Doc. 1, p. 58, Ex. F). In its award, the arbitration panel did not enunciate its reasoning, nor the basis for the award amount; it merely stated that the sum of $1,800,000 was to be paid to DeZego "in full and final settlement of all claims between the parties" (id.). Moreover, the "Award" section of the decision did not characterize the $1,800,000 amount as compensatory in nature, although it did specify that the amount awarded for "punitive" damages was zero (id.).[3] The only mention of compensatory damages in the decision was made in the

---

[1]This figure was broken down in Dr. Natiello's report, which was introduced into evidence at the arbitration hearing, as comprising $200,145 for lost past wages, $3,113,660 for lost future wages, $113,893 for lost past benefits, and $1,802,880 for lost future benefits (Doc. 21, p. 12; Doc. 12-9, p. 19).

[2]DeZego also sought $500,000 in sanctions from A.G. Edwards & Sons for their alleged assertion of a defense they knew to be false (Doc. 21, p. 13).

[3]The figure of $1,800,000 carried the simple designation of "Award" (Doc. 1, p. 58, Ex. F).

"Case Summary" section, where the arbitrators noted that DeZego was seeking "compensatory and punitive damages, and attorneys' fees" (id.). The decision further provided that DeZego was entitled to attorneys' fees pursuant to the "Federal Employment Discrimination Act" in an amount "to be determined by a court of competent jurisdiction" (id.).

A.G. Edwards failed to pay its obligations under the award (Doc. 1, p. 4). Consequently, DeZego filed a petition with this court, requesting entry of an order confirming the arbitration award, a determination of attorneys' fees and costs for the arbitration proceeding, and an award of interest, attorneys' fees and costs (Doc. 1, p. 5). A.G. Edwards has filed a counter-petition seeking an order modifying the arbitration award to conform with Title VII's statutory cap of $300,000 on compensatory damages, or in the alternative, to vacate the award on the grounds that (1) the arbitrators exceeded their authority, (2) the award was arbitrary and capricious, and (3) the award violates public policy (Doc. 12, pp. 1-2, 8-11).

The motions were referred to me for a report and recommendation (Doc. 26). Thereafter, a hearing was conducted on the motions (Doc. 30).

II.

A.   Judicial review of arbitration awards under the Federal Arbitration Act ("FAA") is very limited.  <u>Booth</u> v. <u>Hume Publishing, Inc.</u>, 902 F.2d 925, 932 (11th Cir. 1990).  The FAA presumes that arbitration awards will be confirmed, and therefore "federal courts should defer to an arbitrator's decision whenever possible."  <u>B.L. Harbert International, LLC</u>, v. <u>Hercules Steel Co.</u>, 441 F.3d 905, 909 (11th Cir. 2006).  The FAA, in 9 U.S.C. 10, provides only four narrow bases for a district court to vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

In addition, the Eleventh Circuit recognizes three non-statutory grounds for vacating an arbitration award. They are: (1) if the award is arbitrary and capricious, (2) if "enforcement of the award is contrary to public policy," or (3) if the arbitration award was made "in manifest disregard for the law." B.L. Harbert International, LLC, v. Hercules Steel Co., supra, 441 F.3d at 910.

B.   In the Civil Rights Act of 1991, Congress expanded the remedies available to plaintiffs alleging employment discrimination by permitting recovery for "compensatory and punitive damages ... in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964 ...." 42 U.S.C. 1981a(a)(1). The statute limits the amount of damages that can be awarded under this provision, however, by placing a cap on the combined award of compensatory and punitive damages that each plaintiff can receive. 42 U.S.C. 1981a(b)(3). For employers with more than 500 employees (like A.G. Edwards), the amount of compensatory damages that can be awarded under §1981a "for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses," plus the amount of any punitive damages, cannot exceed $300,000. Id.

Section 1981a(b)(2) specifically excludes "backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964" from the definition of compensatory damages.  In addition, the Supreme Court has held that front pay, as a remedy authorized pursuant to §706(g), does not fall within the meaning of compensatory damages under §1981a(b)(3).  Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843, 853-54 (2001).  Thus, back pay, front pay, and interest on those amounts, are not subject to the Act's statutory cap.

III.

In this case, A.G. Edwards does not dispute the arbitration panel's decision that they are liable to DeZego for damages under Title VII (Doc. 12, p. 2).  Instead, it is asking the court to modify or vacate the arbitration panel's award of $1,800,000 because it exceeds the cap on compensatory damages set forth in 42 U.S.C. 1981a(b)(3)(D) (id.).

A.G. Edwards attempts to rebut the well-established presumption in favor of confirming arbitration awards by raising one statutory basis, and two non-statutory bases, for vacating the award.  It argues that, because the arbitration panel awarded damages that exceeded Title VII's statutory cap by $1,500,000, (1) the arbitrators exceeded their authority in violation of 9 U.S.C.

10(a)(4); (2) the award is arbitrary and capricious; and (3) the award violates public policy (id., pp. 8-11).  In other words, A.G. Edwards is not asserting that there are three distinct factual situations that justify vacating the award. Rather, it contends that the award of damages in excess of the statutory cap provides three reasons for vacating the award.  These reasons all fail because the evidence before the arbitrators would permit an award that does not violate the statutory cap.  Thus, the record supports a finding that the arbitration panel's award could reasonably consist largely, if not entirely, of lost front pay and back pay, neither of which are subject to the statutory cap.

The one-page decision of the arbitration panel awarded DeZego $1,800,000 in undifferentiated damages, and provided no rationale for the award (Doc. 1, p. 58, Ex. F).  The Eleventh Circuit has set forth clear guidelines for a district court considering a motion to vacate in such circumstances.  First, it is well established that an arbitration panel is not required to explain their reasons for an award.  O.R. Securities, Inc. v. Professional Planning Associates, Inc., 857 F.2d 742, 747 (11th Cir. 1988). Furthermore, "[w]hen no rationale is given for a lump-sum award, the reviewing court first reviews the arbitration award to determine if there is a rational basis for the award."  Brown v. Rauscher Pierce Refsnes, Inc., 994

F.2d 775, 779 (11th Cir. 1993).  If a rational basis for the award can be inferred from the record in the case, the party moving for vacatur may not invoke any of the non-statutory bases for vacating the award.  Id.

       The record here clearly supports the existence of a rational basis for damages in the amount of $1,800,000.  DeZego introduced evidence at the arbitration hearing from Dr. Natiello, her economic expert, of entitlement to front and back pay in the amount of $3,313,805 (Doc. 21, p. 12; Doc. 12-9, p. 19).  As explained previously, these types of damages are excluded from the definition of compensatory damages in §1981a.[4]  Based on this evidence, there are several valid combinations of economic and non-economic damages that could comprise an award of $1,800,000 without exceeding the $300,000 statutory cap on compensatory damages (Doc. 12, pp. 14-16).  Indeed, the arbitrators could have rationally based an award of $1,800,000 on just back pay and front pay.

---

[4]According to Dr. Natiello, DeZego had suffered a loss of future benefits in the amount of $1,802,880 (Doc. 12-9, p. 18).  Arguably, future lost benefits may not be covered by the exclusion of back pay and front pay from the statutory definition of compensatory damages, but rather may fall under the category of "future pecuniary losses" within the meaning of §1981a.  Consequently, I have not considered lost future benefits to be excluded from the statutory definition of compensatory damages.

A.G. Edwards claims that the arbitration award consisted "solely of compensatory damages" (Doc. 12, p. 5).  It bases this assertion on the fact that the case summary in the arbitration award included the cryptic statement that DeZego was seeking "compensatory and punitive damages" (id.). However, it is most likely that the arbitration panel was using the word "compensatory" in the usual sense – monetary compensation as a way to make an injured party whole.  See Pollard v. E.I. du Pont de Nemours & Co., supra, 532 U.S. at 852 (noting that the interpretation of "compensatory damages" as defined in §1981a is different than "its ordinary meaning").

Moreover, if A.G. Edwards's contention is correct that the arbitrators awarded only compensatory damages as defined in §1981a, this would mean that the arbitrators disregarded Dr. Natiello's economic testimony entirely and awarded no back pay or front pay.  There is no plausible basis for such a conclusion.   Therefore, the mention of DeZego's claim for "compensatory damages" in the  case summary does not provide any meaningful support to A.G. Edwards's contention that the arbitration award was inconsistent with the $300,000 cap in §1981a.

Notably, the parties in this case joined issue on the question whether an arbitration award of non-economic damages of more than

$300,000, contrary to §1981a, needs to be vacated.  This is a difficult and, apparently, novel issue; neither side had any direct authority on point. However, it is unnecessary to resolve that issue in this case.  Even assuming that the answer to the question is "yes," the award here should not be vacated since that answer would be inapposite.

Judicial review of arbitration is "among the narrowest known to the law." AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc., 2007 WL 4180608 at *4 (11th Cir. 2007) (quoting Del Casal v. Eastern Airlines, Inc., 634 F.2d 295, 298 (5th Cir. 1981)).  As indicated, an award is to be upheld if it has a rational basis in the record.  The award here clearly has a rational basis in light of the economic evidence from Dr. Natiello. Therefore, the award should be confirmed.

IV.

DeZego has further requested that the court reserve jurisdiction to decide attorneys' fees after the damage aspect of the arbitration award has been confirmed or rejected (Doc. 21, p. 1).  A.G. Edwards stated at the hearing that it had no objection to that request.  Because the issue of attorneys' fees was appropriately deferred until the merits of the motions were resolved, I

recommend that the court grant DeZego's request to retain jurisdiction on the issue of attorneys' fees.

In addition, DeZego at the hearing raised the issue of a specific interest rate that should be used in determining post-award interest that is due her. This matter was not previously addressed in documents submitted by DeZego, so A.G. Edwards has not had a fair opportunity to respond to it. However, the parties indicated at the hearing that they felt they could reach an agreement on this issue on their own.

Finally, there was some suggestion in DeZego's response that sanctions are warranted for A.G. Edwards's conduct in this matter (Doc. 21, p. 20). DeZego indicated at the hearing that such a claim has now been abandoned. Consequently, the issues of post-award interest and sanctions do not need to be addressed in this report and recommendation.

V.

For the above reasons, I recommend that DeZego's request for an order confirming the arbitration award be granted, and A.G. Edwards's counter-petition to modify or vacate the award be denied. Regarding the issue of attorneys' fees, I recommend that the court reserve jurisdiction to determine the proper amount of attorneys' fees.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 31, 2007

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).